UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**WILLIAM BINGHAM, on behalf of himself and all others similarly situated,**

    Plaintiff,

v.                                                                          Case No: 8:14-cv-1215-T-35AEP

**SHARPE CONTRACTING SERVICES INC., a Florida Profit Corporation and KALVIN WEATHERSBY, Individually,**

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Notice of Compliance (Dkt. 78) filed by Plaintiffs, and the Response in opposition thereto filed by Defendant, Sharpe Contracting Services, Inc. ("Sharpe Contracting"). (Dkt. 81)  On July 10, 2015, the Court granted Plaintiffs' request for sanctions due to Sharpe Contracting's failure to comply with the Court's discovery order. (Dkt. 74)  The Court ordered, pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), that "Plaintiffs' costs and attorney's fees associated with compelling Defendant's responses to the outstanding discovery requests **SHALL** be assessed against defense counsel, Robert F. Croskery, jointly and severally with his client Sharpe Contracting." (Id. at P. 5)  The Court directed Plaintiffs to file proof of the amount of their costs and granted Defendant seven (7) days to respond to Plaintiffs' filing. (Id.)

    Plaintiffs have now filed their Notice of Compliance, along with an attached fee ledger evidencing that Plaintiffs' counsel, Christina J. Thomas, incurred a total of 2.9

hours associated with compelling Sharpe Contracting's outstanding discovery requests in this case. (Dkt. 74; Dkt. 74-1)  Plaintiffs request a rate of $350.00 an hour, for a total amount of $1,015.00.  (Id.)

Sharpe Contracting filed a response objecting to the requested amount.  (Dkt. 81)  Therein, Sharpe Contracting contends that the time records submitted by Plaintiffs are inaccurate and that the total amount of the award should be reduced in light of defense counsel's past career experience and military service.  These objections lack merit.

The Court finds that Plaintiffs' requested amount of time, 2.9 hours, is reasonable. However, Plaintiffs' requested rate of $350.00 an hour is not in line with the prevailing rate awarded to attorneys—even those with substantial experience—in FLSA cases filed in the Middle District of Florida.  See Martinez v. Hernando County Sheriff's Office, No. 8:12–cv–666–T–27TGW, 2013 WL 6047020, at *2 (M.D. Fla. Nov. 13, 2013) (concluding, in a case involving claims under the FLSA, that $300 was a reasonable hourly rate for an attorney with thirty-eight years of experience in employment litigation), aff'd, 579 F. App'x 710, 713–14 (11th Cir. 2014); Snyder v. Al Prop. Pres., Inc., No. 8:12–CIV–2014–T–17MAP, 2013 WL 3155058, at *2 (M.D. Fla. June 19, 2013) (finding, in a case involving claims under the FLSA, that $300 was a reasonable hourly rate for an attorney with extensive experience litigating FLSA cases); Lewis v. Fla. Default Law Group, P.L., No. 8:10–cv–611–T–30AEP, 2012 WL 252837, at *2 (M.D. Fla. Jan. 26, 2012) (concluding, in a case involving claims under the FLSA, that $300 was a reasonable hourly rate for an attorney with twenty years of experience).  Therefore, the requested rate of $350.00 shall be reduced to $300.00.

Accordingly, it is hereby **ORDERED** that Plaintiffs are entitled to attorney's fees in the amount of **$870.00**, assessed jointly and severally against defense counsel, Robert F. Croskery, and Defendant, Sharpe Contracting Services, Inc.  Mr. Croskery **SHALL** arrange for such payment to be made to Plaintiff's counsel's trust account within **seven (7) days** of this Order and file a Notice of Compliance reflecting the same.

**DONE** and **ORDERED** in Tampa, Florida, this 7th day of August, 2015.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

3